UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

### DOCKETING STATEMENT

---

| | |
|---|---|
| Appeal Number | 26-4015 |
| Case Name | Cisneros v. Noem, et. al. |
| Party or Parties Filing Notice of Appeal Or Petition | Ricardo Cisneros |
| Appellee(s) or Respondent(s) | Kristi Noem, Todd Lyons, Michael Bernacke, Pamela Bondi, The Executive Office for Immigration Review, United States Customs and Immigration Enforcement |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

I.    **JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   A.    **APPEAL FROM DISTRICT COURT**

   1.    Date final judgment or order to be reviewed was **entered** on the district court docket: February 12, 2026

   2.    Date notice of appeal was **filed**: February 12, 2026

   3.    State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):60 days, Authority: Fed. R. App. P. 4(a)(1)(B).

      a.    Was the United States or an officer or an agency of the United States a party below? Yes

      b.    Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4.   Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a.   Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b.   Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5.   Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a.   If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   N/A

   b.   If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? N/A

   c.   If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

6.   Cross Appeals.

   a.   If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b.   If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.**   **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**   Date of the order to be reviewed:  N/A

    **2.**   Date petition for review was filed:  N/A

    **3.**   Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order:  N/A

    **4.**   Specify the time limit for filing the petition (cite specific statutory section or other authority):  N/A

**C.**   **APPEAL OF TAX COURT DECISION**

    **1.**   Date of entry of decision appealed:  N/A

    **2.**   Date notice of appeal was filed:  N/A
(If notice was filed by mail, attach proof of postmark.)

    **3.**   State the time limit for filing notice of appeal (cite specific statutory section or other authority):  N/A

    **4.**   Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P.  13(a)  N/A

II.　**ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A.　Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____No_____

B.　If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? __N/A_____

C.　Describe the sentence imposed. __N/A_____

_____

D.　Was the sentence imposed after a plea of guilty? _____N/A_____

E.　If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____N/A_____

F.　Is the defendant on probation or at liberty pending appeal? _____N/A__

G.　If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____N/A_____

**NOTE:**　In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III.  **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

Appellant is detained by U.S. Immigration and Customs Enforcement and is being denied bond pursuant to Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025), which found that any noncitizens that are present without having been admitted or paroled are subject to mandatory detention pursuant to 8 U.S.C. § 1225 because they are "applicants for admission." Appellant filed a habeas petition with the Utah District Court and the District Judge denied the petition finding that the government's interpretation was correct.

IV.  **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether 8 U.S.C. § 1225 applies to individuals who are present without having been admitted or paroled, regardless of when those individuals were apprehended by immigration and customs enforcement.

**V.    ATTORNEY FILING DOCKETING STATEMENT:**

Name:    Alec S. Bracken                    Telephone:  801-980-9430

Firm:  Contigo Law

Email Address:    Alec@contigo.law

Address:    P.O Box 249, Midvale, UT 84047

2/13/26

Signature                                            Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, __Alec S. Bracken_____, hereby certify that on
[attorney for appellant/petitioner]

02/13/2026_____, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Michael P. Kennedy_____, at ___111 S Main St #1800, Salt Lake___
[counsel for/or appellee/respondent]

111 S Main St #1800, Salt Lake City, UT 84111_____

_____

_____, the last known address/email address, by

CM/ECF Service_____
.

[state method of service]

Signature

02/13/2026_____
Date

Alec S. Bracken_____
Counsel for Appellee_____
P.O. Box 249, Midvale, UT 84047_____
Alec@contigo.law_____
Full name and address of attorney